J-S19024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GREGORY L. STROLL | : | |
| | : | |
| Appellant | : | No. 1713 MDA 2022 |

Appeal from the PCRA Order Entered December 1, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000684-1994

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:              **FILED SEPTEMBER 19, 2023**

Gregory L. Stroll appeals *pro se* from the order denying his Post Conviction Relief Act ("PCRA") petition. 42 Pa.C.S.A. §§ 9541-46. Stroll argues his petition was timely under the unknown facts exception to the PCRA time bar. We affirm.

In November 1994, a jury convicted Stroll of first-degree murder. ***See*** 18 Pa.C.S.A. § 2502(a). The court sentenced him to life imprisonment. We affirmed the judgment of sentence. Stroll filed several PCRA petitions, which the court denied.

In October 2022, Stroll filed the instant PCRA petition asserting the unknown facts exception. He alleged that in October 2022, when visiting the law library, he became aware of a September 2021 newspaper article discussing the brain development of those between the ages of 18 and 21. PCRA Petition, filed Nov. 2, 2022, at 2. Stroll alleged a law library aide brought

the article to his attention, and attached to the petition the article and an unsworn declaration of the aide, his own unsworn declaration, and a letter he sent to the researcher mentioned in the article. *Id.* Stroll alleged this was the first time he became aware of the research on brain development of those between the ages of 18 and 21. *Id.*

Stroll alleges the evidence would justify relief as it was after-discovered evidence that could not have been discovered earlier through the exercise of due diligence. *Id.* at 5. He argues he was between the ages of 18 and 21 at the time of the crimes and if the jury had heard the evidence, it "would have understood that [Stroll] could not have knowingly formulated the specific intent required for the jury to find him guilty of first-degree murder." *Id.* Stroll also requested an evidentiary hearing.

The PCRA court issued notice of its intent to dismiss the petition without a hearing. It found that Stroll focused on arguing why the petition was timely but failed to assert a basis for relief under Section 9545. It concluded that the only possible alleged basis for relief was that the conviction resulted from the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." Trial Court Opinion, filed Nov. 7, 2022, at 2-3 ("Notice of Intent") (quoting 42 Pa.C.S.A. § 9543(a)(2)(vi)). The court found this basis lacked merit. *Id.* at 3-4. The PCRA court then "question[ed] [Stroll's] invocation of the 'newly discovered facts' exception to the time bar." *Id.* at 4. It noted that although Stroll personally discovered the facts in 2022,

- 2 -

the 2021 article was based on research developed after a 2005 United States Supreme Court decision. The court found it "improbable that a 2021 article in the Altoona Mirror is the first public mention of this research and that it could not have been discovered by the exercise of due diligence prior to that publication." *Id.*

Stroll filed a document entitled "motion for leave to file amended PCRA petition," arguing he met the newly-discovered-fact exception to the time bar and he was entitled to relief due to the after-discovered evidence, and requesting an evidentiary hearing and the appointment of counsel. The court considered the motion to be a response to the notice of intent to dismiss. In December 2022, it dismissed the PCRA petition. Stroll filed a timely notice of appeal.

Stroll raises the following issues:

> 1. Did the PCRA court err by not definitively addressing jur[is]diction then conflating the timeliness and merits, in denying [Stroll's] PCRA petition?
>
> 2. Did the PCRA court err in denying the petition as untimely?
>
> 3. Did the PCRA court err by not holding an evidentiary hearing?

Stroll's Br. at 4.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

- 3 -

Stroll argues the PCRA court erred by not addressing whether the PCRA petition was timely before addressing the merits of the petition. He alleges his petition was timely under the newly-discovered-fact exception to the PCRA time bar. He maintains he discovered the newspaper article on October 23, 2022, when visiting the prison law library. He then filed his PCRA petition within one year of that date. He maintains the new facts consist of the science in the article, not the article itself. He further claims that due diligence does not require that he read every newspaper article. He therefore argues that his PCRA petition was timely. Stroll claims the PCRA court conflated the timeliness inquiry with the merits inquiry, which he alleges was error. He further alleges that the court used an incorrect approach by addressing the merits before the timeliness. Stroll contends the court erred when finding that he failed to act with due diligence only because the article states it was based on research developed after a 2005 United States Supreme Court decision. He points out that the public records exception does not apply to incarcerated litigants.

Stroll further claims that the court's discussion of the merits was "cryptic an[d] ambiguous." Stroll's Br. at 8. He maintains that the court erred in finding that he failed to explain a possible avenue of relief, noting that his petition requested the appointment of counsel once the court found the petition timely, and argues that counsel would have filed an amended petition.

We agree with Stroll that the PCRA court should have addressed the timeliness of the petition before addressing the merits. *See Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019) (providing "PCRA time

limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of the petition" (citation omitted)). However, this error does not require reversal. Rather, as discussed below, even if we were to conclude that Stroll properly pleaded an exception to the time bar, his substantive after-discovered evidence claim is meritless.

Stroll arguably made sufficient allegations in his PCRA petition to meet the unknown facts exception. A petitioner has one year from the date his judgment of sentence is final to file a first or subsequent PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(3)).

A court may consider a PCRA petition filed more than one year after a judgment of sentence has become final only if the petitioner pleads and proves one of three statutory exceptions. One such exception is the unknown facts exception, which provides:

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

42 Pa.C.S.A. § 9545(b)(1)(ii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Further, there no longer is a public

records presumption applicable to the newly-discovered-fact exception to the PCRA time bar. ***Commonwealth v. Small***, 238 A.3d 1267, 1286 (Pa. 2020).

Stroll was convicted in 1994 and his petition therefore is untimely unless he satisfied a time bar exception. There is a substantial argument that Stroll sufficiently pleaded the unknown facts exception. He alleged that he first learned of the brain development research when the library aide brought the article to his attention in October 2022. Under the circumstances – his incarceration's allegedly insulating him from news and information about the highly specialized research at issue such that he could not have reasonably discovered it earlier – he arguably exercised due diligence in learning about the article and the research it discussed.

Rather than remand for a hearing on the exception, however, we will affirm because Stroll's substantive after-discovered evidence claim cannot succeed. A petitioner asserting an after-discovered evidence claim under the PCRA must plead and prove that: "(1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Commonwealth v. Cox***, 146 A.3d 221, 228 (Pa. 2016) (quoting ***Commonwealth v. D'Amato***, 856 A.2d 806, 823 (Pa. 2004)).

The trial court found that the claim failed because the new evidence would not likely result in a different verdict:

[R]elief may only be granted based on after-discovered exculpatory evidence if said evidence would likely result in a different verdict if a new trial were granted. ***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008). As quoted above from [Stroll's] Petition, he suggests this to be the case in that the supposed research could be used to combat his ability to have formed the specific intent necessary to be guilty of First-Degree Murder. [Stroll's] suggestion is incorrect.

Even if we were to grant a hearing and take testimony from [Stroll's] proffered witness, we could not find that a new trial would result in a different verdict.[2] The research upon which [Stroll] relies, as recounted in the newspaper article he has submitted to [the PCRA c]ourt, argues that "the same kind of behavioral traits attributed to those under 18 are applicable to those between 18 and 21 years old." Therefore, the argument is that defendants between the ages of eighteen (18) and twenty-one (21) years of age should benefit from the same laws that apply to those defendants under the age of eighteen ( 18).

> [2] [Stroll] has certified that he will present Dr. Susan Rushing as a witness at a hearing. Dr. Rushing is mentioned in the newspaper article cited by [Stroll] as the impetus for his Petition and attached as an exhibit thereto. Although [Stroll] has written to Dr. Rushing requesting her assistance in his case, there is no indication that she has agreed to do so or even replied to him.

The article discusses the United States Supreme Court's decision in ***Roper v. Simmons***, 543 U.S. 551 (2005), which held the death penalty unconstitutional for defendants under the age of eighteen (18) due to their undeveloped cognitive functioning. Presumably, [Stroll] would also point to the holding in ***Miller v. Alabama***, 567 U.S. 460 (2012), which prohibited mandatory life sentences for those under the age of eighteen (18) on the same scientific basis. Neither case stands for the proposition that an individual under eighteen (18) years of age cannot be convicted of First-Degree Murder or form the specific intent necessary to commit that crime, and we are unaware of any such authority. By extension, there is certainly no authority for [Stroll's] proposition that defendants between the ages of

> eighteen (18) and twenty-one (21) are incapable of forming the specific intent necessary to commit First-Degree Murder.
>
> Therefore, even if the research in this area were found to be accepted in the scientific community, presented at a hearing, and credited as persuasive by [the PCRA c]ourt, it would not warrant the award of a new trial because it would not "likely result in a different verdict." **Pagan**, **supra**. In fact, we can say with certainty that there is no legal basis upon which it could result in a different verdict.

Notice of Intent at 3-4. The record supports the PCRA court's findings, and its conclusions are free of legal error. Because the after-discovered evidence would not have altered the verdict at trial, Stroll's claim is meritless.

Further, contrary to Stroll's contention, he is not entitled to the appointment of counsel merely because his petition potentially satisfied a time bar. Rather, a PCRA court must appoint counsel only if it is a petitioner's first PCRA petition or "[o]n a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908[.]" Pa.R.Crim.P. 904(C), (D). Here, the petition was not Stroll's first petition and, as discussed below, he is not entitled to an evidentiary hearing. Accordingly, the PCRA court would not have been required to appoint counsel had it found Stroll's petition timely.

Stroll next argues the court erred in failing to hold an evidentiary hearing. **See** Stroll's Br. at 7. He maintains an evidentiary hearing was required to resolve the timeliness of the petition and to take testimony from the doctor who conducted the research. He maintains there were genuine

issues of material fact, including whether the evidence could have been obtained earlier through the exercise of due diligence.

We review the denial of a request for an evidentiary hearing for abuse of discretion. ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). "[T]here is no absolute right to an evidentiary hearing on a PCRA petition." ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa.Super. 2019) (quoting ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa.Super. 2008). Rather, if "the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Id.*** (quoting ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa.Super. 2008)). Therefore, "[t]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Id.*** (citation omitted).

Here, Stroll has not shown any genuine issue of fact which, if resolved in his favor, would entitle him to relief. Rather, he seeks a hearing on the timeliness of his petition. But even if the timeliness issue were ultimately resolved in his favor, he would not be entitled to relief, as the alleged new evidence would not have altered the outcome of the trial.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/19/2023